FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 28, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADDISON L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 1:18-cv-03217-RHW <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 13, and Defendant's Motion for Summary Judgment, ECF No. 15. The motions were heard without oral argument. Plaintiff is represented by D. James Tree, and Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Heather L. Griffith. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion for Summary Judgment.

**JURISDICTION**

On April 22, 2015, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging an onset date of August 1, 2014. Plaintiff's application was denied initially and upon reconsideration. Plaintiff thereafter filed a request for hearing. A video hearing was held on July 20, 2017. Plaintiff appeared in The Dalles, OR, and the ALJ presided over the hearing from Portland, OR. Paul K. Morrison, an impartial vocational expert, also

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1**

appeared at the hearing. Plaintiff was represented by D. James Tree and Robert Tree. Mr. Robert Tree appeared at the hearing.

The ALJ issued a decision on December 29, 2017, finding Plaintiff was not disabled. The Appeals Council denied a request for review. Plaintiff brought a timely action in the United States District Court for the Eastern District of Washington. The matter is before this Court under 42 U.S.C. § 405(g).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is both unable to do his previous work, and cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled under the Act. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987).

At step one, the ALJ must determine whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b). Substantial gainful activity is defined as significant physical and mental activities done or usually done for pay or profit. 20 C.F.R. § 404.1572. If the claimant is engaged in substantial activity, he or she is not disabled. 20 C.F.R. § 404.1520(b). If he is not engaged in such activity, the ALJ proceeds to the second step.

At step two, the ALJ must determine whether the claimant has a severe medically determinable impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2**

combination of impairments, he or she is not disabled. A claimant's impairment, or combination of impairments, is not severe if it does not significantly limit his or her physical or mental ability to do basic work activities. If the impairment is severe, the evaluation proceeds to the third step.

At step three, the ALJ must determine whether any of the claimant's severe impairments meets or equals one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525; 20 C.F.R. § Pt. 404, Subpt. P, App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, he or she will be found disabled at step three without further inquiry. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If it does not meet or equal one, the ALJ proceeds to the fourth step.

Before considering step four, the ALJ must first determine the claimant's "residual functional capacity" (RFC). 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. § 404.1545(a)(1). In making this finding, the ALJ must consider all relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3).

At step four, the ALJ must determine whether the claimant's RFC enables the claimant to perform past relevant work. 20 C.F.R. § 404.1520(e)–(f). If the claimant can perform past relevant work, he or she is not disabled. *Id.* If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

At step five, the burden shifts to the Commissioner to prove the claimant can perform other work in the national economy considering claimant's age, education, work experience, and RFC. 20 C.F.R. § 1520(g). To meet this burden, the Commissioner must establish: (1) the claimant can perform other work; and (2) such work exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3**

## STATEMENT OF FACTS

Plaintiff was 43 at the time of his onset date in 2014. Many years ago, he injured his back and had surgery. The surgery was initially successful, but as the years progressed, his back problems slowly got worse. He continued to work after his surgery until 2014. He explained that his left foot is numb all the time and his toes on his right foot are numb. He has a torn meniscus in his left knee. He experiences headaches continuously. He has trouble sitting and standing for long periods of time. He lays down two or three times a day due to the pain. He explained that if there is a day where he does too much, the next day he has to lay on the couch and can barely get to the bathroom. He goes hunting with friends, but he sits in the truck to shoot his bow. If he gets a shot, his friends get the animal and bring it back to the house. They do most of the work.

His prior work consisted of working in the trucking industry, driving truck and loading and unloading. He testified that he had to stop working after missing too much work due to the numbness and weakness in his legs, urinary incontinence, and pain.

## THE ALJ'S FINDINGS

**At step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 1, 2014, the alleged onset date. AR 20.

**At step two**, the ALJ found Plaintiff has the following severe impairments: left knee meniscus tear, lumbar degenerative disc disease/degenerative joint disease with radiculopathy status post remote surgery, obesity, and affective disorder/adjustment disorder. AR 20.

**At step three**, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § Pt. 404, Subpt. P, App. 1. AR 21–22. The ALJ specifically reviewed listings 1.02(A), 1.04, 12.04, 12.06, 12.15, 1.00(Q), 4.00(I), and 3.00(I). *Id.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4**

The ALJ concluded Plaintiff has the residual functional capacity to perform:

> light work as defined in 20 CFR 404.1567(b) except he can stand and walk 4 hours in an 8-hour workday and he would require the ability to alternate between sitting and standing every 30 to 60 minutes for up to 10 minutes; he can occasionally climb ramps and stairs; he can never climb ladders, ropes, and scaffolds; he can never balance; he can occasionally stoop, kneel, crouch, and crawl; he should avoid concentrated exposure to work hazards, such as machinery or heights; he can perform work involving simple, routine tasks; he can have occasional contact with the general public and with co-workers.

AR 22–23.

**At step four**, the ALJ found Plaintiff is unable to perform any past relevant work. AR 28.

**At step five**, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. AR 32–33.

## STANDARD OF REVIEW

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r of Soc. Sec. Admin.*,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5**

359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The burden of showing harmful error falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## ISSUES FOR REVIEW

1. Whether the ALJ erred in finding Plaintiff did not meet Listing 1.04A?

## DISCUSSION

Plaintiff argues the ALJ reversibly erred when finding he did not meet Listing 1.04A. He maintains he meets the requirements set forth in the Listing.

With respect to Plaintiff's diagnoses and this listing, the ALJ wrote:

> The claimant's lumbar degenerative disc disease/degenerative joint disease does not meet or equal listing 1.04 for disorders of the spine. The claimant does not have nerve root compression with the other citing findings in subsection (A).

AR 21.

"A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not" meet or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). Rather, the ALJ "must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Id.*

To meet a listed impairment, a claimant must establish that he or she "satisfies *all* of the criteria of that listing, including any relevant criteria in the introduction." 20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3) (emphasis added). If a

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6**

claimant's impairment meets or equals a listed impairment, he or she will be found disabled at step three without further inquiry. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). The impairment must also have "lasted or can be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1525(c)(4), 416.925(c)(4).

Listing 1.04A sets forth the requirements applicable in this case:

> **1.04** *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

20 C.F.R. § Pt. 404, Subpt. P, App. 1., 1.04.

Here, the ALJ properly found that Plaintiff's lumbar degenerative disc disease and lumbar radiculopathy are severe impairments. However, the ALJ erred by failing to evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A 2015 MRI indicated impingement of the left L5 nerve root. AR 284, 306. At the minimum, the ALJ was required to review the relevant evidence to determine if evidence characterizing the nerve compression was present. In its briefing, Defendant attempts to make post hoc rationalizations for the ALJ's decision. Such rationalizations demonstrate that the ALJ failed to properly evaluate the relevant evidence. Consequently, it is necessary to remand for a proper consideration of the Listing Requirements, with specific discussion of whether the characteristic requirements are present in the record.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7**

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed** and **remanded** for further proceedings consistent with this Order.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 28th day of August 2019.

<u>*s/Robert H. Whaley*</u>
ROBERT H. WHALEY
Senior United States District Judge